UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert J. Allor, Jr.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.
    _____/

Case No. 15-14377
Hon. Sean F. Cox
Magistrate Judge Elizabeth A. Stafford

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Robert J. Allor, Jr., ("Plaintiff") brought this action seeking judicial review of Defendant Commissioner of Social Security's ("Defendant") determination that he is not entitled to disability insurance benefits and supplemental security income benefits under 42 U.S.C. § 405(g). (Doc. # 1).

All proceedings in this case were referred to Magistrate Judge Elizabeth A. Stafford pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C). (Doc. # 2). Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. # 11, Pl.'s Mo.; Doc. # 12, Def.'s Mo.).

On November 28, 2016, Magistrate Judge Stafford issued a Report and Recommendation ("R&R"), wherein she recommended that: (1) Defendant's motion be DENIED; (2) Plaintiff's motion be GRANTED; and (3) that the Commissioner's decision be REMANDED for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 17, R&R). Defendant timely filed objections to the Magistrate Judge's R&R (Doc. # 19, Def.'s Objs.) and Plaintiff

1

timely responded to Defendant's objections. (Doc. # 20, Pl.'s Resp.).

The Court finds Defendant's objections to be without merit. The Court shall therefore **ACCEPT AND ADOPT the R&R** and **GRANT** Plaintiff's Motion for Summary Judgment. (Doc. # 11). Defendant's Motion for Summary Judgment (Doc. # 12) is therefore **DENIED** and the decision of the Commissioner shall be **REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In her R&R, Magistrate Judge Stafford determined that the Administrative Law Judge ("ALJ") improperly relied upon only fragments of the record and his own lay evaluation of medical evidence in order to find that Plaintiff was capable of a limited range of light work. Magistrate Judge Stafford also determined that the ALJ erred by concluding that Plaintiff's condition did not equal a disability listing without the support of a an expert medical opinion. For these reasons, the Magistrate Judge found that the ALJ's decision was not supported by substantial evidence. (R&R at 7). Defendant lodges three objections to the Magistrate Judge's R&R.

**Objection # 1.** Defendant's first objection relates to the Magistrate's determination that the RFC finding was not supported by substantial evidence. Specifically, Defendant "objects to Judge Stafford's recommendation that this case should be remanded because there was no medical opinion in the record regarding the limitations caused by Plaintiff's physical impairments." (Def.'s Objs. at 2). Defendant argues that "[b]oth the Sixth Circuit and this Court have rejected the argument that an ALJ errs simply because there is no medical opinion that corresponds to his RFC finding." (*Id*. at 4) (citing to cases).

Defendant's objection disregards the Magistrate Judge's reasons for concluding that a remand was necessary and it misconstrues the Magistrate Judge's R&R. Contrary to Defendant's assertions, the Magistrate Judge did not conclude that the ALJ erred "simply because" there was no medical opinion. Instead, Magistrate Judge Stafford noted that the ALJ's citation to fragments of the record was further "compounded by the fact that he was acting well outside of his expertise when evaluating raw medial data." (R&R at 14).

Importantly, Magistrate Judge Stafford cautioned against ALJ's "playing doctor" and

3

making their "own independent medical findings" when it comes to establishing RFCs. (R&R at 14). As Magistrate Judge Stafford correctly explained:

> If the claimant's functional inability has been sufficiently placed in issue, the general rule applies: "An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."
>
> . . . .
>
> Here, the raw medical data included well-documented degenerative changes in Allor's spine, and there were well-documented treatment records from his medical providers. He sufficiently placed his functional inability at issue. But after rejecting the opinions regarding Allor's functional capability, the ALJ failed to secure a medical opinion regarding Allor's RFC, and instead interpreted raw medical evidence that was far outside his expertise. In doing so, the ALJ determined that ALLor was capable of limited light work that required up to four hours of walking and standing, and six hours of sitting – an RFC that is diametrically contrary to the opinion of Dr. Bleiberg, PA Fox and the physical therapists that Allor had no functional capacity for working. While the ALJ had no duty to defer to those opinions, they further undermine the Commissioner's argument that the ALJ's opinion is supported by substantial evidence; the only evidence upon which the ALJ relied to interpret the raw medical data and assess Allor's RFC was his own lay opinion.

(R&r at 16-17). Defendant's objection disregards the R&R's emphasis on the ALJ's failure to consider the medical record as a whole. The Court agrees with Magistrate Judge Stafford's resolution of this issue. As such, the first objection is overruled.

**Objection # 2.** Next, Defendant "objects to Judge Stafford's recommendation that the ALJ erred in his analysis of Plaintiff's ability to medically equal Listing 1.04 without the benefit of a medical opinion." (Def. Objs. at 7). Defendant argues that Plaintiff waived this argument and alternatively that any alleged error was harmless.

To the extent that Defendant argues that this issue was waived, Magistrate Judge Stafford correctly considered the argument "in the interest of justice." (R&R at 20). To the extent that

Defendant argues that the ALJ's failure to secure a medical opinion for his listing analysis is harmless, the Court is not persuaded.

According to Defendant, the lack of a medical opinion on equivalence is harmless when an ALJ would have reached the same conclusion at Step Three had there been a medical opinion. (Def.'s Objs. at 10). In making this objection, Defendant disregards the Magistrate's rejection of this very argument:

> Although this type of error may be considered harmless when the evidence demonstrates that the claimant could not meet the elements of a given listing, *(see e.g. Bukowski v. Comm'r of Soc. Sec.*, No. 13-CV-12040, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014)), such is not the case here. "[C]ourts generally should exercise caution in conducting harmless error review" of a step three finding because harmlessness "may be difficult, or even impossible, to assess . . ." *Rabbers v. CSS*, 582 F.3d 647, 657-658 (6th Cir. 2009).
>
> This caution applies here, because neither the ALJ nor this Court possesses the medical expertise to interpret the significant medical evidence in the record to determine if Allor's impairments equals Listing 1.04 . . . . This matter should thus be remanded so that the ALJ "can properly make an equivalency determination after consulting with a Commissioner-appointed medical expert." *Id.*

(R&R at 18-19). In light of the all of the evidence cited by the Magistrate Judge, Defendant has not persuaded the Court that the ALJ's failure to obtain a medical expert was harmless. Nor has Defendant pointed to any specific deficiency in the Magistrate Judge's reasoned analysis. As such, Defendant's second objection is overruled.

**Objection # 3.** Defendant's final objection pertains to "Judge Stafford's recommended finding that the ALJ's subjective symptom evaluation was not supported in the full record." (Def.'s Objs. at 11). According to Defendant, Magistrate Judge Stafford improperly reweighed the evidence when she determined that the ALJ only considered fragments of the in discrediting Plaintiff's claims of functional impairment.

5

The Court does not view the Magistrate Judge's determination as reweighing of evidence. Instead, the Court finds that Magistrate Judge Stafford offered a full and more complete picture of the medical evidence before the ALJ and correctly noted that the ALJ failed to take into account all of the objective medical evidence because he only cited to mere fragments in the record:

> But there was significant objective evidence in the record that supported Allor's claims of functional impairment, including the March 2013 imaging studies revealing "advanced" or "moderate" degenerative disk changes, and "most pronounced degenerative changes at L3-L4, including bilateral neural forminal narrowing (implicating possible nerve compression) . . . . The record is replete with clinical examine findings, including decreased ranges of motion and muscle spasms . . . . The physical therapist documented having observed Allor's struggle during standing, walking and sitting activities . . . . Dr. Bleiberg's reports included a host of relevant clinical findings that he set forth in bold letters, including straightening of lumbar lordosis, significant limitations in ranges of motion, tenderness, involuntary muscle spasms, and a positive Patrick's sign, and Dr. Bleiberg's multiple diagnoses included radiculitis and facet arthropathy syndrome, thus implicating the involvement of both Allor's spinal nerves and joints . . . Yet the ALJ cited to a couple of Dr. Bleiberg's negative findings as disproving Allor's claims
>
> . . . .
>
> The significant deference accorded to the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

(R&R at 13-14). Because the Court agrees with the Magistrate Judge's resolution of this issue, Defendant's third objection is overruled.

## CONCLUSION & ORDER

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the November 28, 2016 R&R.  Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**.  The Court shall therefore **REMAND** this case back to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager